UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NAIL A. HARRY,

      Plaintiff,

v.                                                                  Case No. 3:17cv328-MCR-CJK

M. NICHOLS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on plaintiff's motion for temporary restraining order. (Doc. 14). In this action, plaintiff alleges employees of Santa Rosa Correctional Institution ("SRCI") violated the Eighth Amendment by denying him access to his orthopedic shoes in 2014. When he filed the initial complaint, he was confined at Graceville Correctional Facility. The current motion indicates he was recently transferred to SRCI Annex. The motion requests that the court issue an order directing the warden or the head of classification at SRCI to transfer plaintiff to a different institution within the Florida Department of Corrections.

      Plaintiff's motion should be denied. Plaintiff seeks relief from individuals who are not parties to this litigation; the court cannot enter a temporary restraining order against nonparties. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (11th Cir. 2012) ("It is well recognized that courts may not enter injunctions against

persons or entities that [a]re not party to the litigation before them."); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (finding court lacked subject-matter jurisdiction to issue preliminary or permanent injunction against nonparty).

On the merits, plaintiff fails to show his confinement at the SRCI Annex poses an immediate threat of danger. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury"). Although plaintiff points to the allegations in this case as evidence he may suffer retaliation or the denial of adequate medical treatment in the future, he has not established a substantial likelihood of success on the merits. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (noting that for a temporary restraining order to be granted, the court must consider, *inter alia*, whether the movant has established "a substantial likelihood of success on the merits" and "that irreparable injury will be suffered if the relief is not granted") (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). Importantly, the complaint describes events that took place nearly 3 years before plaintiff filed the motion for temporary restraining order. Based on the foregoing, plaintiff's motion should be denied.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion for temporary restraining order (doc. 14) be DENIED.

At Pensacola, Florida, this 24th day of October, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**




<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.